Law Library

SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

2012 FEB 24 AM 8: 46

PEOPLE OF GUAM, ) CRIMINAL CASE NO. CM1046-10
)
vs. ) **DECISION AND ORDER**
) (Motion to Dismiss)
SAM SUZUKI, )
)
Defendant.)
_____

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein now renders the following decision.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo*, 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on December 5, 2009 and given a notice to appear ("NTA") with a date of December 8, 2010. On November 26, 2010, the Complaint was filed, but no summons was issued[2]. *Id.* at ¶ 7. Defendant did not appear on December 8, 2010. A Summons was issued

---

[1] This holding is hereinafter referred to as the "60 day rule."
[2] Unlike the facts in *Rasauo II*, the Court notes that a summons is now required to automatically be issued on all misdemeanors, upon a filed complaint and affidavit, even when the People do not request for a summons, after a probable cause determination is made. 8 GCA § 15.20(a). Also, currently, all persons arrested for DUI charge are

on December 29, 2010 with an arraignment scheduled for January 12, 2011. On January 12, 2011, Magistrate Court recommended a bench warrant be issued, due to the Defendant not appearing at the noticed hearing. A Bench Warrant was issued on January 24, 2011 and served on the Defendant on August 3, 2011. This Court appointed Defendant representation on August 3, 2011, and set the arraignment for August 10, 2011. Defendant was arraigned after two hundred fifty-seven (257) days had passed from the filing of the Complaint.

The time between the Complaint and the first appearance on August 8, 2011 does violate the 60 day rule announced in *Rasauo II*. The Court notes that the People concede that there is no good cause for the delay between the filing of the Complaint and the NTA date fifteen (15) days later. This amount of delay does not violate the 60 day rule announced in *Rasauo II*. The Court will review what days, if any, after January 25, 2011 constitutes good cause or if this case must be dismissed for the 60 day rule violation.

First, the Court finds that the any delay caused by a defendant's failure to appear at an arraignment that has been properly noticed[3] is good cause. Therefore, the delay of arraignment from December 16, 2010 to August 3, 2011 caused by Defendant's failure to appear is good cause for purposes of the 60 day rule. *People v. Flores*, 2009 Guam 22 ¶ 32 (citing *People v. Johnson*, 606 P.2d 738, 746 (Cal.1980)).

Next, the Court must determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause. Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this

---

brought before a magistrate for a probable cause determination prior to being released; therefore a NTA is not issued.

[3] Proper notice includes any of the following circumstances: (i) notice provided by a properly served summons, (ii) notice to appear is provided to a defendant at time of release from confinement, or (iii) notification that occurs when a defendant is present and hears the court determine the date and time of the continued arraignment.

understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Complaint and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

In this case, Defendant's Motion did not address if any delay attributed to time for the Defendant to meet and confer with counsel is good cause[4]. Instead, Defendant's Motion argues that no good cause exists for the violation of the 60 day rule in this case. On the other hand, the Office of the Attorney General has argued that any delay of arraignment occasioned by a continuance granted by the magistrate court should be excused for good cause. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers … to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012).

Further, the Court rejects the contention that any length of delays caused by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38.

The Court finds that seven (7) days is a reasonable amount of time for a court to provide a defendant to meet and confer with his attorney prior to being arraigned. 8 GCA § 80.50(a). Since the delay in this case relating to time allotted for Defendant to meet and confer with his attorney is reasonable and constitutes good cause, this case is not dismissed for the violation of the 60 day rule.

---

[4] This issue was raised orally by other Defense attorneys and Defendant orally joined, but this argument is not raised in the written Motion.

There are two hundred fifty-seven (257) days between the filing of the Complaint and Defendant's arraignment. Nonetheless, since there is good cause shown for the entire duration of the violation of the 60 day rule, Defendant's Motion is DENIED. A criminal trial setting shall occur on February 27, 2012 at 9:30 a.m.

IT IS SO ORDERED this 24 of February, 2012.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

FEB 2 4 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam